**ATTACHMENT A**
**STIPULATION OF FACTS**

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant is an alien born in May, 1969, in Kwanyako, Ghana to Anthony Baako and Paulina Eduah, both Ghanaian nationals. The Defendant is a national of Ghana and knows that he is not, nor has he ever been, a citizen or national of the United States.

The Defendant is a physician who has practiced medicine in Maryland hospitals. He has also maintained his own clinic under the name Biazo Healthcare.

### The Defendant Enters Into the United States and is Licensed as a Foreign Medical Graduate

On October 24, 1988, the Defendant obtained a Ghanaian passport in Accra, Ghana, as a Ghanaian national.

On October 28, 1995, the Defendant and R.A.A. were married in Kumasi, Ghana. On December 5, 1995, Mr. Baako and R.A.A. applied for nonimmigrant B1/B2 visas to allow them to visit the United States. Mr. Baako's application accurately listed his date and place of birth. Mr. Baako's visa was issued to him at the United States Embassy in Accra, Ghana for use with his Ghanaian passport.

On at least two occasions in 1996, Mr. Baako used his Ghanaian passport to enter the United States. On October 4, 1996, the Defendant was issued a new Ghanaian passport.

Beginning in 1996, Mr. Baako applied for certification of his Ghanaian medical education in the United States through the Educational Commission for Foreign Medical Graduates. In conjunction with his application, Mr. Baako supplied a number of forms, photographs, and supporting materials, accurately stating his date and place of birth, and that he graduated from medical school in Ghana.

On March 13, 2001, the Maryland Department of Health and Mental Hygiene granted Mr. Baako a license to practice medicine in Maryland.

Beginning in at least 2001, Mr. Baako and R.A.A. resided together in Howard County, Maryland, and were the parents of two minor, United States citizen children.

## The Petition for the Defendant to be Granted U.S. Citizenship is Denied

On March 11, 1998, the Defendant and "D.R.T.," a United States citizen, were married in Virginia.

On March 31, 1998, "D.R.T." filed a petition for the Defendant to be naturalized and become a United States citizen. The petition accurately listed the Defendant's date and place of birth.

On October 28, 1999, the Defendant made a sworn statement to immigration officials stating in part that he was born in Ghana and was not a United States citizen.

On June 20, 2000, immigration officials denied "D.R.T." and the Defendant's petition for the Defendant to become a naturalized U.S. citizen, after concluding that his marriage to "D.R.T." was a "sham" marriage entered into for the sole purpose of obtaining immigration benefits.

## The Defendant Petitions for a Passport for his Child and a Visa as an Alien from Ghana

On April 2, 2002, at a Columbia, Maryland, U.S. Post Office, the Defendant and R.A.A. submitted an application for a United States passport on behalf of "Minor Child 1." Minor Child 1 was born in the United States, and as a citizen is entitled to a U.S. passport regardless of the Defendant's birthplace or citizenship. On the form, the Defendant listed his place of birth as Ghana and checked the box for "NO" in response to a question on the form asking whether he was a United States citizen.

On March 31, 2004, the Defendant and R.A.A. submitted United States "Diversity Visa" applications as Ghanaian nationals, including photographs and birthdates. On July 14, 2005, the Defendant and R.A.A. failed to appear for an interview with U.S. officials in Ghana, in conjunction with their visa applications, and Diversity Visas were never issued to them.

## The Defendant Falsely Claims U.S. Citizenship to Register and Vote in Ten Federal Elections

On November 29, 2005, the Defendant registered to vote in the State of Maryland at the Maryland Motor Vehicle Administration. In his voter registration application, the Defendant falsely swore and affirmed under penalty of perjury that he was a United States citizen.

Beginning on November 7, 2006, and continuing through November 6, 2018, the defendant voted in the following ten elections that included federal candidates for office:

| DATE | ELECTION | FEDERAL OFFICES |
|---|---|---|
| 11/7/2006 | 2006 General Election | Senate, House |
| 2/12/2008 | 2008 Primary Election | President, House |
| 11/4/2008 | 2008 General Election | President, Vice President, House |
| 9/14/2010 | 2010 Primary Election | Senate, House |
| 11/2/2010 | 2010 General Election | Senate, House |
| 4/3/2012 | 2012 Primary Election | President, Senate, House |
| 11/6/2012 | 2012 General Election | President, Vice President, Senate, House |

| DATE | ELECTION | FEDERAL OFFICES |
|---|---|---|
| 11/4/2014 | 2014 General Election | House |
| 11/8/2016 | 2016 General Election | President, Vice President, Senate, House |
| 11/6/2018 | 2018 General Election | Senate, House |

**The Defendant Falsely Claims U.S. Birth and Citizenship to Obtain U.S. Passports**

On December 15, 2006, the Defendant obtained a new Ghanaian passport in Accra, Ghana, as a Ghanaian national.

On April 17, 2007, at a U.S. Post Office in Fulton, Maryland, the Defendant submitted a passport application on behalf of "Minor Child 1." In this application, the Defendant falsely stated under penalty of perjury that he was a citizen of the United States, and that he was born in Hillsborough, North Carolina. On the form, the Defendant checked the box for "YES" in response to a question on the form asking whether he was a United States citizen.

On April 22, 2008, at a U.S. Post Office in Columbia, Maryland, the Defendant submitted an application seeking a United States passport for himself. In this application, the Defendant falsely stated under penalty of perjury that he was a citizen or non-citizen national of the United States, and that he was born in North Carolina. He also falsely stated in the application that his parents were both born in North Carolina and his wife, R.A.A., was born in South Carolina.

In support of his April 22, 2008, application for a U.S. passport, the Defendant provided an affidavit from "B.Y.R.," sworn under penalty of perjury, falsely stating that the Defendant was born in Hillsborough, North Carolina. The affidavit falsely stated that B.Y.R. was friends with the Defendant's parents in North Carolina and they were one of the first people to see the Defendant after his birth. The affidavit also falsely stated that B.Y.R. was present at a subsequent naming and baptism ceremony for the Defendant at a Hillsborough, North Carolina church.

On April 29, 2008, the Defendant was issued a United States passport including the false information that he was a citizen of the United States born in North Carolina. The Defendant used his fraudulently obtained United States passport for international travel on several occasions.

On September 16, 2009, at a U.S. Post Office in Fulton, Maryland, the Defendant submitted a passport application on behalf of "Minor Child 2." Minor Child 2 was born in the United States, and as a citizen is entitled to a U.S. passport regardless of the Defendant's birthplace or citizenship. In this application, the Defendant falsely stated under penalty of perjury that he was a citizen of the United States, and that he was born in Hillsborough, North Carolina. On the form, the Defendant checked the box for "YES" in response to a question on the form asking whether he was a United States citizen.

On April 22, 2010, in Fulton, Maryland, the Defendant was interviewed by officials from the Department of State. During the interview, he falsely stated that he was a United States citizen born in North Carolina.

On July 31, 2012, in Fulton, Maryland, the Defendant submitted an application for a United States Passport renewal on behalf of "Minor Child 1." In this application, the Defendant falsely stated under penalty of perjury that he was a citizen of the United States, and that he was born in Hillsborough, North Carolina. On the form, the Defendant checked the box for "YES" in response to a question on the form asking whether he was a United States citizen.

On February 20, 2018, in Fulton, Maryland, the Defendant submitted an application to renew the United States passport previously issued to him. In this application, the Defendant falsely stated under penalty of perjury that he was a citizen or non-citizen national of the United States, and that he was born in North Carolina.

On June 12, 2018, in Washington, District of Columbia, the Defendant falsely stated to Department of State officials that he was born at home in Hillsborough, North Carolina and moved to Ghana when he was approximately one year old. He also falsely stated that he never applied for any immigration benefit with United States immigration authorities and that he never submitted any documents in an attempt to become a naturalized United States citizen.

On May 8, 2019, law enforcement officers executed a search warrant at the Defendant's residence in Howard County, Maryland. During the search, investigators located the Ghanaian passport the Defendant obtained in 2006 and plans for the three-bedroom home the Defendant purchased in Accra, Ghana in August 2012. Investigators also obtained a number of documents related to the defendant's ongoing efforts to fraudulently obtain documentation establishing that he was a U.S. citizen born in North Carolina, including: a false affidavit purporting to be sworn by the Defendant's mother—claiming that he was born in North Carolina; a page from family bible falsely stating it had been presented to the Defendant at his birth in North Carolina; a falsified baptism certificate purporting to be from a North Carolina church—certifying that the defendant was born in North Carolina; and several draft petitions to the Circuit Court for Howard County seeking to fraudulently establish the fact of his birth in North Carolina.

SO STIPULATED

_____
Zachary A. Myers
Daniel A. Loveland, Jr.
Assistant United States Attorneys

_____
Michael Nana Baako
Defendant

_____
John O. Iweanoge II
Attorney for the Defendant